IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| UNITED STATES f/u/b/o PERFORMANCE CONSULTING, LLC d/b/a MAINSTREAM HEATING AND COOLING, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SERGENT'S MECHANICAL SYSTEMS, INC. and BERKLEY REGIONAL INSURANCE COMPANY | ) ) ) ) | |
| Defendants. | ) ) | CIVIL ACTION NO. 3:12-cv-01237 |
| | ) ) | JURY DEMAND |
| SERGENT'S MECHANICAL SYSTEMS, INC., | ) ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| PERFORMANCE CONSULTING, LLC d/b/a MAINSTREAM HEATING AND COOLING, | ) ) ) ) | |
| Counter-Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01(d) of this Court, Performance Consulting, LLC d/b/a Mainstream Heating and Cooling, ("Mainstream"), Sergent's Mechanical Systems, Inc. ("Sergent") and Berkley Regional Insurance Company ("Berkley") submit the following proposed case management order for consideration by the Court in connection with the Initial Case Management Conference to be held on Monday, January 28, 2013.

310161.1

A.      **Jurisdiction and Venue**

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B) in that Mainstream's cause of action arises under federal law.  This Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged by the parties pursuant to 28 U.S.C.1367.

2.      Venue is proper in this District pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(a)(2) because the contract was to be performed and executed within this District.

B.      **Brief Theories of the Parties**

1)      **Mainstream:**

Mainstream asserts that this cause of action arose out of Sergent's breach of the contract between the parties (the "Subcontract") in connection with improvements to real property located in Montgomery County, Tennessee at Fort Campbell High School (the "Project").  As detailed in the Complaint, Mainstreams alleges that Sergent breached the Subcontract by: (1) forcing Mainstream to follow a work schedule for the Project which contained numerous flaws; (2) engaging in conduct which interfered and disrupted the work of Mainstream on the Project; (3) routinely ignored quality control procedures to the detriment of Mainstream; (4) unnecessarily supplementing Mainstream's work on the Project and back charging Mainstream for such supplementation; (5) interfering with Mainstream's work on site; and (6) paying Mainstream's pay applications late or at a reduced amount with no explanation.

Sergent also wrongfully terminated Mainstream under the express terms of the Subcontract by not providing Mainstream with written notice of alleged defective work and the opportunity to remedy the same. Sergent converted Mainstream's property by taking wrongful possession of Mainstream's tools, equipment and materials that were on site at the time of Mainstream's wrongful termination.

Pursuant to the terms of the Subcontract, Sergent also withheld as retained funds a percentage of each of Mainstream's pay applications. Sergent was advised of Mainstream's statutory right under the Tennessee Prompt Pay Act, as set forth in Tenn. Code Ann. § 66-34-101 *et seq.*, to receive payment for work completed on and materials incorporated into the Project, inclusive of the retained funds and converted property, but Sergent has refused to make such payment to Mainstream.

Pursuant to Sergent's contract with the U.S. Army Corps of Engineers, Sergent obtained a payment bond (the "Bond") from Berkley in the amount of $5,738,007.00 which obligated Berkley jointly and severally with Sergent to make payments to all persons, such as Mainstream, having a direct contractual relationship with Sergent who furnished labor, materials or both in the prosecution of the work on the Project in the event that Sergent made to make prompt payment to such persons. Mainstream has submitted a claim for payment to Berkley under the Bond, but Berkley has failed to pay Mainstream the amount due, necessitating Mainstream's cause of action against Berkley under the Miller Act, as set forth in 40 U.S.C. § 3133.

As a direct and proximate result of Sergent's material breach of the Subcontract and wrongful termination of Mainstream, along with Sergent's failure to make payment to Mainstream pursuant to the Tennessee Prompt Pay Act, Sergent's conversion of

Mainstream's property and Berkley's failure to make payment to Mainstream under the Bond, Mainstream has been damaged in an amount currently estimated to be $760,640.95. Finally, Mainstream is entitled to reimbursement of its reasonable attorneys' fees and costs due to Sergent's failure to comply with the Tennessee Prompt Pay Act.

    2)    **Sergent**:

Discovery and factual investigation has not yet begun, however, Sergent alleges Mainstream was terminated for default on or about July 25, 2012, due to Mainstream's breaches of the subcontracting agreement it entered into with Sergent. Mainstream's breaches included, but were not limited to 1) failing to complete its scope of work in a timely manner; 2) performing its scope of work in a defective and deficient manner causing resulting damages to the project; 3) failing to pay its materialmen and suppliers; 4) attempting to fraudulently obtain money from Sergent by inflating invoices; and 5) failing to follow plans, specifications, and directives.

    3)    **Berkley:**

Discovery and factual investigation has not yet begun, however, Berkley alleges that Berkley as surety on Sergent's Miller Act Payment Bond is only liable to Mainstream for labor and materials to the extent Sergent is liable to Mainstream for labor and materials.

**C.**    **Issues Resolved**

Jurisdiction and venue.

**D.**    **Issues Still in Dispute**

Liability and damages.

**E.     Initial Disclosures**

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before February 25, 2013.

**F.     Discovery**

The parties shall complete all written discovery and depose all fact witnesses on or before November 1, 2013.  Discovery is not stayed during dispositive motions, unless ordered by the court.  Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference call with Judge Trauger.

**G.     Motions to Amend**

The parties shall file all Motions to Amend on or before August 2, 2013.

**H.     Disclosure of Experts**

Mainstream shall identify and disclose all expert witnesses and expert reports on or before November 15, 2013.  Sergent and Berkley shall identify and disclose all expert witnesses and reports on or before December 6, 2013.

**I.     Depositions of Expert Witnesses**

The parties shall depose all expert witnesses on or before February 3, 2014.

**J.     Joint Mediation Report**

The parties shall file a joint mediation report on or before August 30, 2013.

**K.     Dispositive Motions**

The parties shall file all dispositive motions on or before March 3, 2014.  Responses to dispositive motions shall be filed within twenty (20) days after the filing of

the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of the court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**L.  Electronic Discovery**

The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**M.  Estimated Trial Time**

Trial is scheduled to start on June 24, 2014 and will last five (5) days.


SO ORDERED this   21st   day of   February  , 2013.


_____
ALETA A. TRAUGER
Judge, United States District Court

310161.1

Approved for Entry:


	/s/ Vic L. McConnell
Vic L. McConnell
vmcconnell@smithcashion.com
Charles L. Howorth III
choworth@smithcashion.com
SMITH CASHION & ORR, PLC
231 Third Avenue North
Nashville, Tennessee 37201
Telephone:	(615) 742-8555
Facsimile:	(615) 742-8556
*Attorneys for Performance Consulting, LLC d/b/a Mainstream Heating and Cooling*


	/s/ William L. Bruckner
William L. Bruckner
bill@brucknerwalker.com
Branden L. Timboe
branden@brucknerwalker.com
BRUCKNER & WALKER, LLP
4550 Kearny Villa Road, Suite 209
San Diego, California 92123
*Attorneys for Sergent's Mechanical Systems, Inc. and Berkley Regional Insurance Company*


	/s/ Garry K. Grooms
Garry K. Grooms
garry.grooms@stites.com
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
*Co-Counsel for Sergent's Mechanical Systems, Inc.*

310161.1